# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    PLAINTIFF, | CIVIL ACTION<br>NO. 2:21-CV-1774 |
| v. | JURY DEMAND |
| WILLIS-KNIGHTON MEDICAL CENTER<br>    DEFENDANT. | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Chanel Bradford ("Ms. Bradford") and to other aggrieved individuals. As alleged with greater particularity below, the Defendant, Willis-Knighton Medical Center ("WKMC"), discriminated against Ms. Bradford and other aggrieved individuals.

### JURISDICTION & VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed in the state of Louisiana and, therefore, within the jurisdiction and venue of the

1

United States District Court for the Eastern District of Louisiana pursuant to Title VII, 42 U.S.C.§ 2000e-5(f)(3).

**PARTIES**

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and 42 U.S.C. § 2000e-6.

4. At all relevant times, WKMC has continuously been a Louisiana nonprofit corporation doing business in Shreveport, Louisiana, and has continuously had at least 15 employees.

5. At all relevant times, WKMC has continuously been an employer engaged in an industry affecting commerce under the ADA, 42 U.S.C.§ 12111(5) and (7).

6. At all relevant times, WKMC has been a covered entity under the ADA, 42 U.S.C. § 12111(2).

**ADMINISTRATIVE PROCEDURES**

7. More than 30 days prior to the institution of this action, Ms. Bradford filed a Charge of Discrimination ("Charge") and Amended Charge of Discrimination ("Amended Charge") with the Commission alleging violations of the ADA by WKMC.

8. On or about February 8, 2019, the Commission issued to WKMC a Letter of Determination ("LOD") finding reasonable cause to believe that WKMC violated the ADA and inviting WKMC to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with WKMC to provide WKMC the opportunity to remedy the discriminatory practices described in the LOD through a conciliation agreement.

10. On or about May 23, 2019, the Commission issued to WKMC a Notice of Failure of Conciliation advising WKMC that the Commission was unable to secure from WKMC a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this action have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least 2014, WKMC has engaged in unlawful employment practices, in violation of the ADA, 42 U.S.C. § 12112(a) and (b). In particular, it has utilized policies that had the effect of discrimination on the basis of disability, it has used qualification standards that have screened out and/or tended to screen out employees with disabilities, and it has failed to engage in a meaningful interactive process with, refused to provide reasonable accommodations to, and terminated Ms. Bradford and other aggrieved individuals. WKMC has stated that it has amended its policies.

A. WKMC has utilized a standard—its leave and light duty policies—that has had the effect of discrimination on the basis of disability in violation of the ADA. 42 U.S.C. § 12112(b)(3) and § 12112(b)(5). Under its policies, WKMC failed to engage in a meaningful interactive process with or provide reasonable accommodations to employees who had exceeded the fixed leave and light duty cap.

B. WKMC has utilized a standard—its leave and light duty policies—that has had the effect of discrimination on the basis of disability in violation of the ADA. 42 U.S.C. § 12112(b)(3). Under its policies, WKMC required employees to be fully fit for duty (that is, "100% healed") if those employees exceeded the fixed leave and light duty cap, regardless of whether those employees could perform the essential functions of their jobs, with or without reasonable accommodations.

C. WKMC has used a qualification standard—its leave and light duty policies—that has screened out and tended to screen out employees with disabilities in violation of the ADA. 42 U.S.C. § 12112(b)(6). Under its policies, WKMC failed to engage in a meaningful interactive process with or provide reasonable accommodations to employees who had exceeded the fixed leave and light duty cap.

D. WKMC has used a qualification standard—its leave and light duty policies—that has screened out and tended to screen out employees with disabilities in violation of the ADA. 42 U.S.C. § 12112(b)(6). Under its policies, WKMC required employees to be fully fit for duty (that is, "100%

healed") if those employees exceeded the fixed leave and light duty cap, regardless of whether those employees could perform the essential functions of their jobs, with or without reasonable accommodations.

  E. WKMC took adverse employment actions against Ms. Bradford and other aggrieved individuals, because of disability, as discussed herein.

  F. WKMC has failed to engage in a meaningful interactive process with and refused to provide reasonable accommodations to Ms. Bradford and other aggrieved individuals, and it terminated Ms. Bradford and other aggrieved individuals who needed or who it perceived as needing reasonable accommodations in violation of the ADA. 42 U.S.C. § 12112(b)(5). Upon information and belief, Ms. Bradford and the other aggrieved individuals are qualified individuals with disabilities under the ADA, 42 U.S.C. § 12102 and § 12111(8). Ms. Bradford and the other aggrieved individuals were at all relevant times able to perform the essential functions of their positions, with or without any reasonable accommodation.

  G. For example:

    1. In 2012, WKMC hired Ms. Bradford.

    2. Ms. Bradford had impairments (including fibroids, dysmorphia, pelvic pain, poor fetal growth affecting the management of the mother, elderly multigravida, antepartum conditions or complications, and endometritis) that substantially limited one or more

        major life activities (including but not limited to lifting and the operation of the reproductive functions).

3. In 2015, Ms. Bradford requested light or limited duty as a reasonable accommodation. WKMC failed to engage in a meaningful interactive process with Ms. Bradford and automatically refused to provide Ms. Bradford with any reasonable accommodation because WKMC determined that she had exceeded its fixed leave and light duty cap under its leave and light duty policies.

4. WKMC terminated Ms. Bradford because she had exceeded the leave and light duty cap and because she could not return to work without restrictions.

13. The effect of WKMC's unlawful employment practices complained of above has been to deprive Ms. Bradford and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees because of disability in violation of the ADA.

14. The unlawful employment practices complained of above were intentional.

15. WKMC acted with malice and/or reckless indifference to the federally protected rights of Ms. Bradford and the other aggrieved individuals when it engaged in the unlawful employment practices complained of above.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining WKMC its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against its applicants or employees on the basis of disability.

B. Order WKMC to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order WKMC to make whole Ms. Bradford and other aggrieved individuals, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

D. Order WKMC to post and keep posted the notices required by the ADA, 42 U.S.C. § 12115, which incorporates by reference Title VII, 42 U.S.C. § 2000e-10(a).

E. Order WKMC to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. § 2000e-8(c).

F. Order WKMC to make whole Ms. Bradford and other aggrieved individuals by providing compensation for past and future pecuniary losses

7

resulting from the unlawful employment practices described above, including job-search and medical expenses, in amounts to be determined at trial.

  G. Order WKMC to make whole Ms. Bradford and other aggrieved individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

  H. Order WKMC to pay punitive damages for its malicious and/or reckless conduct, as described above, to Ms. Bradford and other aggrieved individuals, in amounts to be determined at trial.

  I. Grant such further relief as the Court deems necessary and proper in the public interest.

  J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

Respectfully submitted,

**Rudy L. Sustaita**
Regional Attorney
U.S. Equal Employment Opportunity Commission
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
Phone: (346) 327-7691
Texas Bar No. 19523560

**Gregory T. Juge**
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 676-8239
Louisiana Bar No. 20890

/s/ Andrew B. Kingsley
**Andrew B. Kingsley (Lead)**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 208-8661
Email: andrew.kingsley@eeoc.gov
Louisiana Bar No. 35865

**Elizabeth J. Owen**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2535

Email: elizabeth.owen@eeoc.gov
Louisiana Bar No. 33620

**Peter Theis**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2548
Email: peter.theis@eeoc.gov
Louisiana Bar No. 34786

COUNSEL FOR U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**REGISTERED AGENT FOR SERVICE OF PROCESS:**

Mr. Lamar P. Pugh
o/b/o Willis-Knighton Medical Center
333 Texas Street, Suite 2100
Shreveport, LA 71101