UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION |
| VERSUS | NO. 21-1774 |
| WILLIS-KNIGHTON MEDICAL CENTER | SECTION "B" |

## CONSENT DECREE

### INTRODUCTION

The Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), brought this action against the Defendant, Willis-Knighton Medical Center ("WKMC"), under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Chanel Bradford ("Ms. Bradford") and to similarly aggrieved individuals. The EEOC's complaint alleged that WKMC discriminated against Ms. Bradford and similarly aggrieved individuals because of disability. The EEOC's complaint arose from Ms. Bradford's charge of discrimination ("charge"), alleging the same. Prior to filing its complaint, the EEOC issued a letter of determination ("determination"), stating that there was reasonable cause to believe that WKMC violated the ADA. The EEOC issued a notice of conciliation failure after it was unable to secure a resolution acceptable to it.

### JURISDICTION & VENUE

In the interest of avoiding the costs and burdens of further litigation and, having engaged in extensive negotiation, the parties hereby agree that this action should be resolved through the entry of this Consent Decree.

1

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action was authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Venue lies in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices were and are now being committed in Louisiana.

The parties agree that this Court has personal jurisdiction over them. WKMC agrees that all conditions precedent under the law have been met.

The parties waive a hearing and the entry of findings of fact and conclusions of law.

Having examined the terms and conditions of this Consent Decree, the Court determines that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil Procedure.

Now, therefore, it is **ORDERED, ADJUDGED, AND DECREED:**

GENERAL

1. This Decree resolves all claims and issues raised in Ms. Bradford's charge, the EEOC's determination regarding that charge, and the EEOC's complaint in this action, including claims seeking relief on behalf of individuals identified in the List of Putative Claimants, attached hereto as Exhibit A.

2. The Decree in no way prevents or limits the EEOC from processing, investigating, or litigating any claim and/or issue arising from any other charge of discrimination against WKMC.

3. The parties must each bear any costs and attorneys' fees they incurred in connection with this action, except that WKMC may be required to bear any costs and attorneys' fees the EEOC

incurs in enforcing this Decree. WKMC will bear all costs and attorneys' fees necessary for them to comply with this Decree.

4. This Decree constitutes a judgment against WKMC.

5. This Court retains jurisdiction to enforce the terms and conditions of, or resolve any disputes arising under, this Decree. Further, this action will not be dismissed during the duration of this Decree.

6. This Consent Decree represents the complete understanding among the parties regarding the matters discussed herein.

7. If one or more provisions of this Consent Decree are deemed or rendered unlawful or unenforceable, the parties must attempt to meet and confer in good faith to decide if and how such a provision must be amended to effectuate its purposes of the Decree. In any event, the unaffected provisions of the Decree will remain enforceable.

8. The parties agree to take all steps necessary to effectuate the terms and conditions of this Consent Decree. A party seeking to amend the Decree must attempt to meet and confer with the others in good faith before making a request that the Court amend the Decree.

## DEFINITIONS

9. The following definitions apply herein:

    A. "WKMC" means and refers to the Defendant, Willis-Knighton Medical Center, and its predecessors, successors and assigns, and agents.

    B. "EEOC" means the Plaintiff, the U.S. Equal Employment Opportunity Commission, an agency of the United States.

    C. "Parties" mean the EEOC and WKMC.

D. "Charge" or "charge of discrimination" means Ms. Bradford's charge of discrimination and amended charge of discrimination, No. 846-2016-10183C.

E. "Ms. Bradford" means Chanel Bradford, the charging party who filed the charge of discrimination.

F. "Days" means calendar—not business—days.

G. "Effective date" or "date of entry" means the date the Court enters this Decree.

H. "Court" refers to the United States District Court for the Eastern District of Louisiana.

I. "Consent Decree" and "Decree" mean this order.

J. "Liaison" means the representative appointed by WKMC to ensure its compliance with the terms and conditions of this Decree and to act on its behalf and with its authority with respect to any and all of the terms and conditions of the Decree.

K. "Claimant" means any person entitled to monetary or nonmonetary relief under this Decree.

## DURATION

10. This Consent Decree will remain in effect for a period of three years from the date of its entry.

## SCOPE

11. This Decree applies to all hospitals operated by WKMC.

## PAYMENTS

12. WKMC, on its own or through its designee, must pay the total amount of $450,000 to the claimants, including Ms. Bradford, in the manner described below. No part of the total amount will revert to WKMC.

13. WKMC acknowledges that this total amount is a debt owed to and collectible by the United States.

14. Within three days of the entry of this Decree, WKMC, on its own or through its designee, must place the total amount into a restricted account. WKMC must not use that restricted account for any purpose except to pay claimants under this Decree. WKMC also must not encumber that restricted account.

15. The EEOC has unilateral discretion to decide the allocation and/or reallocation of the total amount among the claimants. In particular, the EEOC has sole discretion to determine the individual backpay and damages amounts, if any, WKMC must pay to each claimant.

16. The EEOC will provide WKMC's attorneys of record with (a) the individual backpay amount WKMC, on its own or through its designee, must pay each claimant, (b) the individual damages amount (pursuant to 42 U.S.C. § 1981a) WKMC, on its own or through its designee, must pay each claimant, and (c) Releases (attached hereto as Exhibit B) executed by the claimants it must pay.

17. Within 15 days of receiving (a) the individual backpay amount WKMC, on its own or through its designee, must pay each claimant, (b) the individual damages amount WKMC, on its own or through its designee, must pay each claimant, and (c) Releases executed by the claimants WKMC, on its own or through its designee, must pay. WKMC must pay each claimant those individual amounts. WKMC must make payroll tax withholdings from the backpay amounts. WKMC may not make withholdings from the damages amounts. Any withholdings must be itemized in statements accompanying the payments.

18. WKMC, on its own or through its designee, must pay each claimant the individual amounts by cashier's check.

19. WKMC, on its own or through its designee, must send the cashier's checks to the claimants by certified U.S. mail at the addresses provided on the Release executed by the claimants.

20. Within five days of sending a cashier's check to a claimant, WKMC, on its own or through its designee, must send a copy of that cashier's check to the EEOC in the manner specified for notice under this Decree.

21. WKMC, on its own or through its designee, must also timely send any and all appropriate U.S. Internal Revenue Service forms (for instance, forms W-2 and 1099) to each claimant via regular U.S. mail at the address on the Release executed by the claimant.

## PROHIBITIONS

22. While this Consent Decree is in effect, WKMC is hereby enjoined from imposing automatic limits on leave or light duty as reasonable accommodations and from retaliating against any employee or applicant who (1) has filed any charge of discrimination with the EEOC, (2) has participated or participates in this or any other investigation or litigation by the EEOC, (3) has assisted or assists with this or any other investigation or litigation by the EEOC, (4) has sought or seeks monetary or nonmonetary relief as a result of this or any other investigation or litigation by the EEOC, (5) has received or receives monetary or nonmonetary relief as a result of this or any other investigation or litigation by the EEOC, or (6) has engaged in protected activity under the ADA.

## REFERENCES

23. If asked for a job reference regarding any claimant, WKMC (a) must not discuss, mention, or allude to in any way—directly or indirectly—this litigation or the circumstances underlying this litigation and (b) must provide a response which is at least as favorable as that which it gives to any former employee whose employment concluded voluntarily.

## PERSONNEL FILES

24. WKMC must exclude from each claimant's personnel file, segregate, and keep confidential, anything related to this litigation or the circumstances underlying this litigation.

## LIAISON

25. Within 15 days of the entry of this Decree, WKMC must designate a liaison, and within 15 days of the removal, resignation, or incapacitation of that or a subsequent liaison, WKMC must designate another liaison. The liaison must be a human resources manager at WKMC or the senior vice president responsible for human resources at WKMC who possesses the knowledge, capability, and resources to ensure that WKMC complies with the terms and conditions of the Consent Decree.

26. WKMC must designate the liaison by providing the EEOC with a declaration from WKMC's chief executive officer and/or president that states the liaison's name, job title, mailing address, email address, and telephone number and which states that (a) WKMC has assigned the liaison responsibility for ensuring that it complies with the Decree, (b) that the liaison has authority to act on WKMC's behalf with regard to the Decree, (c) that any act or failure to act by the liaison will be attributable to WKMC, and (d) that the liaison directly reports to and is supervised by WKMC's chief executive officer and/or president.

27. Within 45 days of designating a liaison, WKMC will provide the liaison with a two-hour training session on the terms and conditions of the Decree. The trainer must be an attorney with at least five years of employment discrimination experience. Within 15 days of designating a liaison, WKMC must provide the EEOC with the name and resume of the trainer, the outline for the training, and the materials for the training. The EEOC may reject the trainer, the outline, or the materials within 15 days. If it does so, WKMC must provide the EEOC with the name and resume

of a new trainer, a new outline for the training, or new materials for the training, as necessary, within seven days.

28. Within 15 days of the training session, WKMC must provide the EEOC with a declaration by the liaison affirming that the liaison attended the training session and is familiar with the terms and conditions of the Consent Decree.

## REPORTS

29. Within 45 days after the first anniversary of the entry of the Decree and at least 30 days before each subsequent anniversary of the entry of the Decree, WKMC must, through the liaison, provide the EEOC with a report containing, but not limited to, the following:

    A. A declaration by the liaison affirming that WKMC has complied with all terms and conditions of the Decree or, if it has not, explaining why it has not and how it will remedy their failure to comply. The declaration must itemize all steps taken under this Consent Decree since the entry of the Decree or the submission of the prior report, whichever is later.

    B. All leave, light duty, or reasonable accommodation policies implemented, modified, or revoked since the last report.

    C. All anti-discrimination, anti-harassment, and anti-retaliation policies enacted, modified, or revoked since the last report.

    D. Any materials or information added to, altered, or removed from the records of any claimant's employment (including but not limited to a claimant's personnel records, personnel actions, disciplinary records, disciplinary action, medical records, etc.).

E.  A list of all employees at the "department director" level and above who received training required under this Decree containing the employees' names, job titles, facility, and the date, time, and location that they received the training.

F.  A list of all employees at the "department director" level and above who did not receive training required under this Decree containing the employees' names, job titles, and facility.

G.  All materials related to any report or complaint of discrimination regarding disability.

H.  All materials related to any investigation or resolution of any report or complaint of discrimination regarding disability.

I.  A list of all requests for leave or light duty as a reasonable accommodation with the date of the request, the name of the employee making the request, the position of the employee making the request, the telephone number of the employee making the request, the email address of the employee making the request, whether the request was granted or denied, the date the request was granted or denied, and—if denied—the reason the request was denied.

## TRAINING

30. Within 120 days of the entry of the Decree and at least 60 days before each anniversary of the entry of the Decree, WKMC must provide each of its employees at the "department director" level and above with a one-hour training advising them of the requirements and prohibitions of the various anti-discrimination laws and regulations enforced by the EEOC, with emphasis on the ADA, specifically to include the following:

A. Summary of the EEOC's complaint and this Consent Decree.

    B. The purpose and fundamentals of the ADA.

    C. Examples of disability-based discrimination.

    D. Examples of retaliation (including examples of protected activity).

    E. Employees' and applicants' rights under the ADA.

    F. WKMC's responsibilities under the ADA.

    G. Procedure for reporting discrimination and retaliation to WKMC.

    H. Procedure for reporting discrimination and retaliation to the EEOC.

31. The training sessions must be in person or via live videoconference in which all participants are able to simultaneously hear and see the presenter (and any slides) and the presenter is able to simultaneously hear and see all participants and in which participants are able to ask questions and the trainer is able to provide contemporaneous answers.

32. At least 60 days before each training session, WKMC must provide the EEOC with the name and resume of the trainer, the outline for the training, and the materials for the training. The trainer must be an attorney with at least five years of employment discrimination experience. The EEOC may reject the trainer, the outline, or the materials within 15 days. If the EEOC does so, WKMC must provide the EEOC with the name and resume of a new trainer, a new outline, and/or new materials, as necessary, within seven days.

33. Within 15 days after each training session, WKMC must provide the EEOC a sign-in registry for the training session and a declaration by the liaison affirming that all employees at the "department director" level or above attended the training session.

## POLICIES

34. Within seven days of the entry of this Decree, WKMC must rescind any automatic limit on leave and light duty as reasonable accommodations.

35. Beginning within 90 days from the entry of this Decree, WKMC must maintain policies that, at a minimum, meet the following criteria:

   A. Must allow employees to request leave and light duty as a reasonable accommodation.

   B. Must not impose any cap on leave or light duty as a reasonable accommodation.

   C. Must not treat light duty as leave.

   D. Must not unconditionally require that employees be able to perform the essential functions of their jobs without reasonable accommodations, to return from leave.

   E. Must prohibit discrimination, harassment, and retaliation against any employee and/or applicant in violation of the ADA.

   F. Must prohibit any act, policy, or practice that has the effect of discriminating, harassing, or retaliating against any employee and/or applicant in violation of the ADA.

   G. Must provide a process for employees and applicants to report or complain about discrimination, harassment, and retaliation prohibited by the ADA and provide a process by which WKMC will investigate and resolve all such reports and complaints.

   H. Must provide that a human resource manager will oversee an investigation into and resolution of all reports and/or complaints about discrimination, harassment, and retaliation prohibited by the ADA.

   I. Must provide that WKMC will provide any employee or applicant who reports or complains about discrimination, harassment, or retaliation under the ADA with periodic updates regarding the status of the investigation into the report or complaint and will provide the employee or applicant with notice of any resolution.

  J.  Must provide that anyone who engages in retaliation prohibited by the ADA will be disciplined, up to and including discharge.

36. Within 15 days of implementing, modifying, or revoking any such policies, WKMC must provide the EEOC with those policies.

## RECORDS

37. WKMC must preserve and maintain all materials, electronic or otherwise, that might be relevant to this action, regardless of whether they are discoverable or admissible in this action.

38. WKMC must preserve and maintain all materials, electronic or otherwise, that might be relevant to this Decree, including any reports made pursuant to the Decree, regardless of whether they are discoverable or admissible in this action.

39. WKMC must comply with the recordkeeping and reporting requirements under federal law, including those contained in the statutes and regulations enforced by the EEOC. The express recordkeeping and reporting obligations imposed by this this Decree do not constitute any waiver or obviation of the recordkeeping and reporting requirements imposed by law.

## COMMUNICATION

40. WKMC must send all communications (including, but not limited to, all notices, reports, information, declarations, etc.) related to or required by this Decree to the EEOC through the Liaison or WKMC's attorneys of record via email to all of the following addresses:

   andrew.kingsley@eeoc.gov
   gregory.juge@eeoc.gov
   johnny.lundie@eeoc.gov

(The EEOC may, from time to time, unilaterally add or remove addresses from this list or alter the method by which it seeks to receive such communications.) Only an acknowledgment from the

EEOC via email (or regular United States mail) constitutes proof of receipt of such communications.

## POSTINGS

41.     Within 120 days of the entry of this Decree, WKMC must tell all employees (a) that its policies regarding leave and light duty have changed, (b) what was changed in those policies, and (c) how they can review those policies.

42.     Within 10 days of the entry of this Decree, WKMC must post a Notice to Employees, attached hereto as Exhibit C, enlarged to at least 11 by 17 inches, in all hospitals in the place where other notices to employees and/or applicants are customarily posted. It must remain there for the duration of this Decree.

## SUCCESSORS

43.     WKMC must provide notice to the EEOC and must provide a copy of this Decree to any natural or juridical person acquiring, merging with, or becoming an owner, member, or manager of WKMC at least 90 days prior to the effectiveness of such acquisition, merger, ownership, management, or membership.

## ENFORCEMENT

44.     The EEOC may seek immediate relief at any time from the Court if WKMC fails to comply with any term or condition of the Decree. If the EEOC requests such relief and the Court determines that WKMC failed to comply with any such a term or condition, the Court may (1) fine it, (2) hold it, as well as its owners, managers, and agents, in contempt, (3) set aside this Decree, reinstate this action, and set this action for trial, (4) provide any other relief available under the Decree or the law; and (5) take any other action the Court deems necessary and appropriate.

45.     The parties and the Court agree that if the Court finds WKMC to have willfully violated the Decree, the Court is empowered to impose liquidated and/or punitive damages, consistent with the ADA.

In New Orleans, Louisiana, this 18th day of October, 2021.

_____
SENIOR UNITED STATES DISTRICT JUDGE

## EXHIBIT A

LIST OF PUTATIVE CLAIMANTS

Elizabeth Adkins
Kathryn Arsenault
 Jessica Barnes
Jeremy Blake
Chanel Bradford
Sarah Brown
Deborah Campbell
Linda Cole
Angela Grooms
Whitney Harris
James Hartsell
Earnest Hill
William Hulst lll
Tamara Hunter
Silvia Johnson
Hannah LeGrande
Charlene Martin
Tina Martin
Gwendolyn Morning
David Murphy
Eddie Owens
Dorothy Phelps
Amy Philips
Martha Plunkett
Kathline Pousson
Donzell Russell
Nathaniel Tall
Donna Tedder
Delbert Washington
Shelley Wells

# EXHIBIT B

RELEASE

In consideration for $_____ . \_\_\_\_\_ paid to me by Willis-Knighton Medical Center ("WKMC"), in connection with the resolution of *U.S. Equal Employment Opportunity Commission v. Willis-Knighton Medical Center*, No. E.D. La.), I, _____ , waive my right to recover for any claims arising under the Americans with Disabilities Act ("ADA") that I had against WKMC prior to the date of this release and that were included in the claims alleged in U.S. Equal Employment Opportunity Commission's ("EEOC's) complaint in the above-referenced action.

This _____ day of _____, _____.
      DAY           MONTH      YEAR

_____
SIGNATURE

**ADDRESS:**

_____
ADDRESS

_____

_____
CITY                  STATE ZIP CODE

# EXHIBIT C

## NOTICE TO EMPLOYEES

The Americans with Disabilities Act ("ADA") is the federal law that prohibits an employer from discriminating against an applicant or employee on the basis of disability or retaliating against an applicant or employee who reports that an employer discriminated on the basis of disability, who reports that an employer allowed others to discriminate on such basis, who files a charge of discrimination with the EEOC, or who participates in the investigation or prosecution of such a charge.

**Specifically, these laws prohibit an employer from failing to provide reasonable accommodation, including leave or light duty, to an applicant or employee who has a disability or has a record of having had a disability.**

WKMC will not tolerate discrimination on the basis of disability and likewise will not tolerate retaliation against any applicant or employee for reporting such discrimination. Such discrimination and retaliation violate federal law. Any employee who violates the law will be subject to substantial discipline, up to and including termination.

If you believe you or another applicant or employee have been discriminated or retaliated against, please contact the EEOC:

*Address:* Attn: Legal Unit U.S. Equal Employment Opportunity Commission 500 Poydras Street, Suite 809 New Orleans, LA 70130
*Telephone:* 504-635-2533
*E-mail:* andrew.kingsley@eeoc.gov or gregory.juge@eeoc.gov
*Website:* www.eeoc.gov

This Notice to Employees must remain posted continuously by WKMC, for three years from the date stamped in the header above. This Notice to Employees must not be altered, defaced, removed, or covered.